*E-filed: October 23, 2012*

**NOT FOR CITATION**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| MARTIN GARDNER REIFFIN and SUZANNE REIFFIN,<br><br>        Plaintiffs,<br>v.<br><br>BEVERLY M. HOEY,<br><br>        Defendant. | No. C12-02616 HRL<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION AND DENYING PLAINTIFFS' MOTION FOR CONTINUANCE**<br><br>**[Re: Dkt. Nos. 6, 16, 17]** |

Although styled as a complaint for "Injurious Falsehood Denying the Enforceability of United States Patents and the Federal Rules of Civil Procedure," this case represents plaintiffs' second attempt at bringing a state law breach of contract/fraud claim into federal court. Martin Reiffin and his wife, Suzanne Reiffin ("Plaintiffs"), bring suit against Beverly Hoey, a trusts and estate-planning attorney, alleging that Reiffin charged Plaintiffs for unnecessary work when she prepared their trust. Dkt. 1 ("Complaint" or "Compl."). Both sides are proceeding *pro se*.

Hoey has moved to dismiss the Complaint for lack of subject-matter jurisdiction and for failure to state a claim. Dkts. 6, 16. The Court held a hearing on September 11, 2012. Based on the papers filed by the parties and the parties' arguments at hearing, the Court grants the motion to dismiss for lack of subject-matter jurisdiction and terminates the motion to dismiss for failure to state a claim as moot.

## I. BACKGROUND

Plaintiffs retained Hoey to "modify a preexisting trust agreement" for a fee of $4,500, half of which Plaintiffs paid up front. Compl. ¶ 6. After reaching this agreement, Hoey learned that Mr. Reiffin was the plaintiff in a patent infringement suit against Microsoft and that there was some prospect of a big settlement. Id. ¶ 7. Hoey then engaged in work that generated an additional $32,389.80 in fees, which Hoey justified as work necessary to prepare the trust for the contingency of settlement of the patent litigation *and* for the further contingency both that Mr. Reiffin would die and then Microsoft would delay payment of the settlement amount. Id. ¶¶ 8-9. Specifically, Hoey worked on provisions that would purportedly protect the trust from the imposition of estate taxes on the settlement amount agreed upon between Mr. Reiffin and Microsoft, but not yet received by the trust. She also engaged in extended negotiations with a bank to arrange for a loan to pay those anticipated taxes. Id. ¶¶ 12-14. Plaintiffs contend that Hoey had no basis for anticipating a delayed settlement payment from Microsoft and that she engaged in negotiations with the bank that she knew to be both futile and unnecessary. Id. ¶¶ 15, 23.

Hoey brought a breach of contract claim against Plaintiffs in Alameda County Superior Court to collect unpaid fees for her work on the trust. Several months later, Mr. Reiffin filed a complaint against Hoey in the Northern District of California, alleging fraud based on Hoey's alleged misrepresentation of the federal patent laws and her fraud on the court. See Reiffin v. Hoey, No. 11-04625 (HRL), 2012 WL 10549 (N.D. Cal. Jan. 3, 2012). This Court dismissed that federal suit for lack of subject-matter jurisdiction. Id. Following that dismissal, the state action went to trial, and Hoey obtained a judgment against the Plaintiffs for $28,135.00. See "Verdict Granting Judgment to Plaintiff," Beverly M. Hoey v. Martin G. Reiffen and Susanne C. Reiffen, Case No. VG11564489 (Sup. Ct. Cal. April 5, 2012), Ex. A to Declaration of Beverly M. Hoey in Support of Her Motion to Dismiss Plaintiffs' Complaint, Dkt. 8 ("State Court Judgment").[1]

Shortly after Hoey obtained the state court judgment, Plaintiffs filed a second federal action against Hoey. See Compl. All parties consented to proceed before a Magistrate Judge. Dkts. 4, 11,

---

[1] In deciding a Rule 12(b)(1) motion, a court may consider affidavits and other evidence submitted in connection with the motion. Berardinelli v. Castle & Cooke Inc., 587 F.2d 37, 39 (9th Cir. 1978). Further, at the hearing on this motion, Plaintiffs did not dispute the authenticity of the State Court Judgment.

12. The second federal case was related to the first one and was reassigned to the undersigned. Dkt. 15.[2]

## II. DISCUSSION

### A. Applicable Legal Standards

A party may raise a lack of subject-matter jurisdiction by motion prior to filing an answer to a complaint. FED. R. CIV. P. 12(b)(1). If the court determines that it does not have subject-matter jurisdiction, it must dismiss the claim. FED. R. CIV. P. 12(h)(3). A lack of jurisdiction is presumed unless the party asserting jurisdiction establishes that it exists. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). The court assumes the allegations of the complaint (together with documents attached to the complaint) to be true and draws all inferences in the plaintiff's favor. See Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004). Because Plaintiffs are proceeding *pro se*, the court liberally construes the Complaint. Id.

Federal courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. An action arises under federal law where: (1) federal law creates the claim for relief; or (2) plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law. See Empire Healthchoice Assur., Inc. v. McVeigh, 547 U.S. 677, 690 (2006). The Supreme Court has characterized the latter category of cases as "special and small." Id. at 699. Cases in this category involve state law claims that necessarily raise a *disputed* federal issue that is *central* to the case. See Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg., 545 U.S. 308, 314 (2005).

Federal Court jurisdiction does not arise when the court may have to interpret federal laws or regulations. "Arising under" jurisdiction exists only "where the vindication of a right under state law necessarily turn[s] on some construction of federal law." Merrell Dow Pharmaceuticals Inc. v. Thompson, 478 U.S. 804, 808 (1986); see also Berg v. Leason, 32 F. 3d 422, 425 (9th Cir. 1994) (finding that state law malicious prosecution claim over an earlier federal securities fraud action did

---

[2] After learning that the matter had been reassigned, Plaintiffs moved for a continuance of the date on which their opposition papers were due to the renoticed motion to dismiss. Dkt. 17. Defendant's renoticed motion incorporated all filings from the original motion, however, and at the motion to dismiss hearing the Court assured Plaintiffs that there was no need to refile a duplicate copy of their earlier filed opposition. Accordingly, Plaintiffs' motion for a continuance is denied as moot.

not arise under federal law even though it required the court to determine whether the federal claim was legally tenable). Similarly, a claim "based on state law that may require some reference to patents and patent law" does not arise under the patent laws and does not confer federal subject matter jurisdiction. See Black v. Reliant Techs., Inc., 2003 U.S. Dist. LEXIS 18002, *6 (N.D. Cal. Sept. 2, 2003) (finding no subject matter jurisdiction when plaintiff's claim for misrepresentation and breach of contract, among other state law claims, referenced the patent laws but involved no "substantial question of patent law").

### B. Analysis

In their first federal lawsuit, Plaintiffs based subject matter jurisdiction on their assertion that the case presented an issue of patent law. This court rejected that assertion. Now, in their second suit, Plaintiffs say subject matter jurisdiction arises because Federal Rules of Civil Procedure 62 and 69 give a judgment creditor the means to receive payment of a judgment (thus putting the "lie" to Hoey's purported justification for all the fees). Plaintiffs also say that Hoey's purported justification for the extra work misconstrues how patent settlements can be enforced and therefore raises a substantial question of patent law – a variation on the argument already rejected by the Court. With these offered bases for subject-matter jurisdiction the Plaintiffs miss the mark by an even wider margin than Mr. Reiffin did in the first federal suit.

Here, Rules 62 and 69 of the Federal Rules of Civil Procedure do not support a claim for relief – they are procedural rules. Nor does either party dispute these federal rules or the enforceability of patent settlements. None of Plaintiffs' protected federal rights are implicated by their current claims. Plaintiffs' claim sounds in fraud or breach of contract. While Plaintiffs make some plausible arguments that they were overcharged (arguments that should have been made in the state court action[3]), these arguments do nothing to confer federal jurisdiction. Federal law does not create Plaintiffs' claim for relief and Plaintiffs' right to relief does not depend on the resolution of a substantial question of federal law. The Complaint refers to federal law concepts as a defense for not paying certain disputed attorney fees, but the Complaint does not state claims that arise under federal law.

---

[3] In fact, Mrs. Reiffen stated at the motion hearing that these arguments *were* made in the state court action.

Plaintiffs do not assert diversity jurisdiction under 28 U.S.C. § 1332, nor does it appear to exist. All parties reside in California. Compl. ¶¶ 3-4. Therefore, the Court lacks original jurisdiction based on either federal question or diversity jurisdiction. Accordingly, the court must GRANT the motion to dismiss the Complaint.

Hoey also argues that the Complaint should be dismissed for failure to state a claim upon which relief can be granted. In view of its decision on subject matter jurisdiction, the court does not reach that issue.

### III. CONCLUSION

Based on the foregoing, IT IS ORDERED THAT Defendant's motion to dismiss the Complaint is GRANTED.

Dated: October 23, 2012

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**C11-04625 HRL** N**otice will be mailed to:**

Martin Gardner Reiffin
Suzanne Reiffin
47 Pheasant Run Terrace
Danville, CA 94506

Beverly M Hoey
313 Ray Street
Pleasanton, CA 94566

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**

**United States District Court**
For the Northern District of California